**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4714**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

LATOYA EVETTE JONES, a/k/a Toy,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:11-cr-00066-GMG-DJJ-1)

Submitted:  February 28, 2013          Decided:  March 13, 2013

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latoya Evette Jones appeals her conviction and 114-month sentence entered pursuant to her guilty plea to distribution of cocaine base within 1000 feet of a school. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Jones' sentence was unreasonably high. The Government contends that the appellate waiver provision in Jones' plea agreement bars any claim of sentencing error. We affirm in part and dismiss in part.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). We review de novo whether a defendant has effectively waived her right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278

F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted).  Generally, if a court fully questions a defendant regarding the waiver of her right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, we will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice."  Id. (internal quotation marks and citation omitted).

In the plea agreement, Jones agreed to waive all appellate rights relating to her sentence except for claims that her sentence exceeded the maximum statutory sentence.  Our review of the record convinces us that Jones' waiver was knowing and intelligent, and she does not contend otherwise.  We further conclude that the sentencing issue raised by counsel in the Anders briefs falls within the scope of the appellate waiver provision, and we therefore dismiss the appeal of Jones' sentence.

In accordance with Anders, we have thoroughly examined the entire record for any other potentially meritorious issues outside the scope of Jones' appeal waiver and have found none. Therefore we affirm Jones' conviction.  This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review.  If Jones requests that a petition be filed, but counsel believes that

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4